**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23982-BLOOM/Otazo-Reyes**

RAMON CRUZ,

    Plaintiff,

v.

WESTERN WORLD
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Western World Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [5] ("Motion"), filed on November 19, 2021. Pursuant to Local Rule 7.1(c), a response to the Motion was due on December 3, 2021. Plaintiff failed to respond to the Motion by the applicable deadline or request an extension of time in which to do so. The Court subsequently entered an Order for Plaintiff to respond to the Motion by no later than December 10, 2021. *See* ECF No. [7]. The Court cautioned Plaintiff that if "Plaintiff fails to file any response, the Court shall consider the merits of the Motion without the benefit of a response or responses, and such failure may be deemed sufficient cause to grant the motion by default." *Id.* To date, Plaintiff has failed to respond to the Motion or request an extension of time.

The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

**I.    BACKGROUND**

On August 30, 2021, Plaintiff filed this lawsuit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1-1] at 4. In the Complaint, Plaintiff asserts two counts against Defendant: breach of contract for failing to pay Plaintiff the full amount of coverage for a loss Plaintiff suffered on September 10, 2017 ("Count I"); and declaratory judgment holding that the insurance policy in question covers the loss ("Count II"). *See id.* at 6-7. On November 12, 2021, Defendant removed the case to this Court. *See* ECF No. [1].

In the instant Motion to Dismiss, Defendant states that prior to filing the Complaint, Plaintiff failed to provide the Department of Financial Services with a written Notice of Intent to Initiate Litigation ("Notice"). *See* ECF No. [5] at 1. Therefore, Defendant argues that the Court must dismiss the lawsuit without prejudice pursuant to Fla. Stat. § 627.70152(3). *See id.* at 2-4. Defendant contends, in the alternative, that Count II of Plaintiff's Complaint must be dismissed for: (1) improperly pleading for declaratory relief as to Plaintiff's rights under an insurance policy that Defendant has already breached; (2) failing to meaningfully identify any portions of the insurance policy that require this Court's review; and (3) improperly requesting declaratory relief that is indistinct from the relief sought in the breach of contract claim. *See id.* at 5-9.

II.   **LEGAL STANDARD**

   A. **Failure to State a Claim**

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

B. Relevant Statutes

Florida Statute § 627.70152(3) states, in relevant part:

**(3) Notice.--**

(a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:

1. That the notice is provided pursuant to this section.
2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
4. If the notice is provided following a denial of coverage, an estimate of damages, if known.
5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
    a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
    b. The disputed amount.

    Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.

(b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period.

Fla. Stat. § 627.70152(3). Further, § 627.70152(5) states, in relevant part:

(5) **Dismissal of a suit.**--

A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable.

Fla. Stat. § 627.70152(5).

### III. ANALYSIS

#### A. Failure to File Pre-Suit Notice

Defendant argues Plaintiff did not file the statutorily required written notice of intent to initiate litigation and that the Complaint thus fails to satisfy the minimum pleading requirements under Florida law. *See* Fla. Stat. § 627.70152(3); ECF No. [5] at 2-4.

However, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *see also Honick v. Ace Ins. Co. of the Midwest*, No. 2:21-CV-637-SPC-NPM, 2021 WL 4804446, at *1 (M.D. Fla. Oct. 14, 2021) (citing *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 106-07 (5th Cir. Feb. 5, 1981)).[1] According to the Complaint, "[a]ll conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed." ECF No. [1-1] at 4 ¶ 5. In *Honick*, the court determined that a similar allegation met the pleading requirements to survive a motion to dismiss. *See* 2021 WL 4804446, at *1. This Court also finds that the allegation in the Complaint is sufficient to satisfactorily allege that all conditions precedent have occurred. The Court further notes that Defendant's contention is an external factual dispute that requires the Court to look beyond the four corners of the Complaint, which the Court cannot do at the pleading stage of the proceedings. *See Wilchombe*, 555 F.3d at 959. As such, the Motion is denied as to Defendant's claim that the Complaint should be dismissed because Plaintiff allegedly failed to file pre-suit notice. Defendant may, of course, raise the issue again at summary judgment.[2,3]

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

[2] For the same reason, Defendant's request to strike Plaintiff's claim for attorneys' fees must be denied. *See* ECF No. [5] at 5, n.2. The Court cannot strike Plaintiff's claim for attorneys' fees because doing so requires the Court to find that Plaintiff did not file pre-suit notice, which is a factual dispute that cannot be resolved at this stage of the proceedings.

[3] Further, the Court notes that under the Federal Rules of Civil Procedure, a plaintiff does not have an obligation to attach documents underlying its causes of action to the pleadings. *See* Fed. R. Civ. P. 10(c); *see also Honick v. Ace Ins. Co. of the Midwest*, No. 2:21-CV-637-SPC-NPM, 2021 WL 4804446, at *1-*2

### B. Count II

The Court now addresses Defendant's argument that Count II should be dismissed. As noted above, Defendant argues, in the alternative, that Count II of Plaintiff's Complaint must be dismissed for: (1) improperly pleading for declaratory relief as to Plaintiff's rights under an insurance policy that Defendant has already breached; (2) failing to meaningfully identify any portions of the insurance policy that require this Court's review; and (3) improperly requesting declaratory relief that is indistinct from the relief sought in the breach of contract claim. *See id.* at 5-9.

In general, "[t]he point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct." *Great Lakes Reinsurance (UK) PLC v. TLU Limited,* 07–61259–Civ, 2008 WL 828122, at *1 (S.D. Fla. Mar. 27, 2008) (citations and internal quotation marks omitted); *see also Young v. Lexington Ins. Co.*, No. 18-62468-CIV, 2018 WL 7572240, *2 (S.D. Fla. Dec. 6, 2018) ("The Declaratory Judgment Act permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." (citations and internal quotation marks omitted)).

Plaintiff alleges in Count II that Defendant failed to perform its contractual obligations pursuant to the insurance policy. *See* ECF No. [1-1] at 7 ¶ 20 (incorporating by reference paragraph 11 which alleges that Defendant breached the insurance policy). Thus, Plaintiff's request for declaratory relief is improper as there is no actual controversy to settle before it ripens into a violation of a law or a breach of contractual duty. *See Great Lakes*, 2008 WL 828122, at *1. Further, the declaratory relief sought – i.e., a declaration that the policy covers the loss – is the

---

(M.D. Fla. Oct. 14, 2021) (citing *U.S. ex Rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008)). Because federal procedural law governs this case, Plaintiff was not required to attach documents related to the pre-suit notice.

Case No. 21-cv-23982-BLOOM/Otazo-Reyes

same remedy that would logically follow if Plaintiff were to prevail on the breach of contract claim. As such, dismissal of Count II is appropriate, and the Court need not further address Defendant's arguments in the alternative.

I. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [5]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Count II in Plaintiff's Complaint is **DISMISSED**.

3. Defendant shall answer Plaintiff's Complaint by no later than **December 22, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 15, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record